THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWIN W. FISKE, Relator, v. HENRY BANTZ and HERBERT D. MACFARLAND, as Inspectors of Election in the Third Election District of the Third Ward of the City of Mount Vernon, N. Y., and Others, Respondents, Impleaded with EDWARD F. BRUSH, Appellant.   (Proceeding No. 2.)

Second Department, January 16, 1918.

**Elections — challenge as to capacity of voters does not constitute a protest or render their ballots " protested."**

A paper filed by a duly appointed challenger for a political party merely questioning the capacity of certain persons in the military service to vote and not relating to the form or marking of any of their ballots, constitutes a challenge and not a protest, and was properly overruled by the inspectors of election.

The ballots of such voters when subsequently counted were not " protested " and, therefore, the inspectors cannot be ordered to place such ballots among " protested, void and wholly blank ballots."

APPEAL by the defendant, Edward F. Brush, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 7th day of January, 1918, directing the inspectors of election of the third election district of the third ward of Mount Vernon to open the ballot box and take out all the ballots cast by soldiers, sailors and marines, as theretofore canvassed on December eighteenth, and to place same in an envelope of protested, void and blank ballots.

After the prior proceeding of December, 1917 (181 App. Div. 702), to recanvass the votes of soldiers, sailors and marines cast in this district, relator applied for a mandamus to such election inspectors, on the ground that they had failed to place all of such ballots in the envelope or sealed package called in Election Law (Consol. Laws, chap. 17 [Laws of 1909, chap. 22], § 369, as amd. by Laws of 1913, chap. 821) " the package of protested, void and wholly blank ballots." This was because one George M. Percy, a duly appointed challenger for the Republican party, had filed with such inspectors a paper in the following words:

" I, Geo. M. Percy, a duly qualified elector of Westchester County, State of New York, and a duly appointed challenger for the Republican Party, within and for the 3rd District of the 3rd Ward of the City of Mount Vernon, in said County and State, do hereby severally challenge each and all of the ballots now about to be cast by and on behalf of the following named persons within said District aforesaid on the 18th day of December, 1917, pursuant to the provisions of Article XV* of Chapter 22 of the Laws of 1909 of the State of New York and known as the provisions relating to ' Soldiers and Sailors Elections ' of the ' Election Law ' of said State of New York, to wit:

" John Scheidberger, Chas. H. Hoag, Jas. L. Hoag, Albert B. Hayward, Kylian H. Koch, John J. Fleming, Wm. R. Johnson, Albert M. Clark, Silas B. Clark, Allen Mulford, Wm. Gray Cathcart, Donald R. Cathcart and Milton W. Morse.

" The grounds of said challenge are the following:

" 1. That said Article XV of said Election Law is unconstitutional and void as being in contravention to the provisions of the Constitution of the State of New York and any election held pursuant thereto and any ballot offered pursuant to the provisions thereof is illegal and void.

" 2. That none of the persons heretofore named and whose ballots are now about to be cast pursuant to said Article XV have registered as legally qualified voters in said Election District and Ward aforesaid, as provided by Section 4 of Article II of the Constitution of the State of New York, and, therefore, none of said persons is entitled to exercise the right of suffrage at this election.

" Dated, MOUNT VERNON, N. Y., *December 18th,* 1917.

" G. M. PERCY."

The Special Term entertaining jurisdiction, ordered the election inspectors of such district to reconvene in the presence of the court at seven P. M. of January 7, 1918, and to open the ballot box, take out those ballots protested and challenged by George M. Percy, and indorse them as protested, and place them in a sealed package thus marked, and deliver same to the commissioner of elections; also to make a supple-

---

* Renumbered from art. 19 by Laws of 1913, chap. 800, § 10.—[REP.

mental return to the county board of canvassers. From this order and every part thereof respondent has taken this appeal.

Said inspectors having accordingly reconvened and having thus opened the ballot box, made a return to the writ of mandamus to the effect that all of the thirteen votes so protested had been taken from the ballot box and placed in a sealed package of protested and void ballots, as ordered. The court then, after reciting that upon a recanvass of such votes Edwin W. Fiske had eight votes, and Edward F. Brush five votes, ordered that the board of county canvassers rescind their determination of December 24, 1917, and reconvene, and that such election inspectors Bantz and MacFarland attend before said board; and that such board of county canvassers make a new determination of the true result, which should stand in lieu of their prior determination of December 24, 1917.

*George H. Taylor, Jr.* [*James H. Cavanaugh* with him on the brief], for the appellant.

*Arthur M. Johnson* [*Sydney A. Syme* and *Frank A. Bennett* with him on the brief], for the relator.

PER CURIAM:

The strong probability that the figures of this canvass had been transposed, which is now shown beyond dispute, moved relator to seek some method whereby these ballots might lawfully be taken from such ballot box and recounted. Counsel ingeniously resorted to the theory that the paper presented by the Republican challenger might also be regarded as amounting to a " protest " of all the thirteen ballots, so that they accordingly could be removed from the ballot box, counted, and, by being placed in the package of void, unofficial and protested·ballots, be subjected to the powers of immediate court review and recanvass.

We are, however, unanimously agreed that none of these ballots was protested within the Election Law, and that there was no breach of duty by the inspectors after they had counted them in placing them in the ballot box. The paper relied on was a " challenge " and was so described by the challenger who presented it. It was considered and overruled

by the election inspectors before any votes were cast, as the Election Law (Consol. Laws, chap. 17 [Laws of 1909, chap. 22], § 361, as amd. by Laws of 1916, chap. 537) provides. It questioned the capacity of the military voter to vote at all, not as to the form or marking of any ballot. Having been overruled, the inspectors opened the envelope containing these military ballots, which were then " cast " and counted. The Election Law (§ 369, as amd. by Laws of 1913, chap. 821) provides for review of the form of ballots, and the sufficiency and effect of the voters' marks thereon, if the ballots are objected to, so that the inspectors not only separate such ballots, but note how they are counted; and, over the chairman's signature, indorse in ink a memorandum of whatever objection is made to the counting of such ballot. Challenges, on the other hand, are to the personal qualifications of the voter who offers to vote, and, if such challenge be sustained, his rejected vote is not subject to review in this summary manner. Furthermore, the soldier who votes under these war provisions of the statute of 1917 has in all cases to make and subscribe the oath printed upon the official envelope; so that " if he shall take the oath tendered to him his vote shall be accepted." (Laws of 1917, chap. 815, § 4, amdg. Election Law, § 510.) While this probably does not mean that the statement of the soldier's residence to be entered in the poll book, or as taken from the general card register kept by the Secretary of State, would be final and beyond correction, it may fairly be taken as requiring from the voting soldier, in advance of marking his ballot, a like general oath such as the Election Law (§ 363) gives to the citizen voter, whose right to vote is subjected to challenge. No question is made, however, on this argument that the inspectors rightly overruled this challenge.

We are clear that the ballots, when subsequently counted, were not " protested," and, therefore, the inspectors should not have placed such ballots among " protested, void and wholly blank ballots." Although the order treating such ballots as protested must be reversed, the facts thereby made to appear, namely, that the result of the canvass had been transposed, will furnish a further ground for this respondent to ask from the State officials to take a quo warranto proceeding.

The order of January 7, 1918, is, therefore, reversed, with ten dollars costs and disbursements.

Jenks, P. J., Rich, Putnam, Blackmar and Kelly, JJ., concurred.

Order of January 7, 1918, reversed, with ten dollars costs and disbursements.